UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUDY L., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:20-cv-00040-JDL |
| ) | |
| ANDREW M. SAUL, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDED DECISION

This matter is before the Court on Defendant's motion asking the Court to reverse the final administrative decision and remand Plaintiff's social security claim for further proceedings. (Motion, ECF No. 15). Plaintiff agrees that the final administrative decision must be set aside. Plaintiff, however, argues the matter should be remanded with an instruction to grant her application for disability benefits and award her benefits for the period beginning December 29, 2014, the date on which she filed the application now under review. (Pl. Resp., ECF No. 16).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court grant Defendant's motion, reverse the final administrative decision, and remand the matter for further proceedings.

## THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the March 6, 2019 decision of the

Administrative Law Judge. (ALJ Decision, R. 690, ECF No. 9-9).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

Following a prior District Court remand order, the ALJ conducted a hearing to consider opinion evidence of record, reassess Plaintiff's residual functional capacity (RFC), and elicit supplemental vocational evidence from a vocational expert. Among the issues considered was Plaintiff's contention that the RFC did not appropriately incorporate the fact that her mental health impairments (depressive disorder and anxiety disorder) require that she receive daily living skills (DLS) services in order to function effectively in society. On this issue, the ALJ observed that Plaintiff participated in DLS services 2 to 3 days per week since 2014 and "responded positively." (ALJ Decision at 7, R. 696.) The ALJ also observed that, in all that time, "no clinicians have ever observed the claimant having a panic attack, or alleged symptoms associated thereto," which was, in the ALJ's view, "incongruous" with what the ALJ characterized as Plaintiff's report of "severe anxiety every time she has to leave her home." (*Id.*) The ALJ also found Plaintiff's activities to be inconsistent with her subjective report of disabling social anxiety. (R. 696-98.)

In a pre-hearing filing, Plaintiff noted the significance of her receipt of DLS services through MaineCare and that she qualified for the services despite some considerable evidentiary impediments. (Ex. 19E at 6-7, ECF No. 9-13.) Plaintiff argued that not only

---

[1] The Appeals Council considered Plaintiff's appeal of the ALJ Decision and declined to exercise its authority to overturn the ALJ Decision. (AC Denial, R. 681, ECF No. 9-9.)

did she qualify for the services, but that the services would interfere with Plaintiff's ability to maintain a job, given that the seven to ten hours of weekly services are provided during the workday. (*Id.*) The ALJ, however, did not incorporate the need for DLS services into the RFC nor account for the services when assessing the jobs available in the economy. Defendant maintains that remand is necessary to assess whether Plaintiff's "treatment can be scheduled outside customary work hours, and if not, what effect that would have on her ability to perform other work in the national economy." (Reply at 1, ECF No. 17.)

## DISCUSSION

A remand with an order to award benefits is reserved for a small subset of cases in which the Social Security Administration "has no discretion to act in any manner other than to award … benefits." *Seavey v. Barnhart*, 276 F.3d 1, 11 (1st Cir. 2001). "If an essential factual issue has not been resolved … and there is no clear entitlement to benefits, the court must remand for further proceedings." *Id*.

In support of her contention that the matter should be remanded for the entry of an award of benefits, Plaintiff emphasizes that the ALJ was on notice of but unjustifiably disregarded her DLS contentions, and then failed to determine, through the testimony of the vocational expert, whether any work identified by the vocational expert for purposes of the step 5 determination would remain available to Plaintiff if she had to attend DLS services during the work week.  The ALJ in fact did not address whether the DLS services that Plaintiff receives would interfere with Plaintiff's ability to satisfy a typical employer's attendance expectations. Instead, in her step 5 discussion, the ALJ acknowledged Plaintiff's argument regarding the need for DLS services and observed that the need for

3

DLS services is assessed by another agency and that the agency's decision is not dispositive of the issue nor binding on the ALJ. (R. 703.)

Regardless of whether the ALJ's observation was intended to suggest that another agency's finding was not dispositive on the disability issue the ALJ was to decide or whether the ALJ intended to question Plaintiff's need for DLS services, the record lacks evidence that would support a remand with an order to award benefits. While I understand Plaintiff's frustration that the matter has not resolved in her favor despite prior remand, further evidence, including evidence from a vocational expert, is necessary given the ALJ's failure to address properly the impact of Plaintiff's need for DLS services.[2] Accordingly, under the standard articulated in *Seavey*, a remand with a directive to award benefits is not warranted.  Rather, a remand for further proceedings is appropriate.[3]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant's Motion for Entry of Judgment (ECF No. 15), reverse the administrative decision, and remand the matter for further proceedings.

## **NOTICE**

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[2] The fact that Plaintiff had to proffer evidence as to when her DLS services are available (Pl. Resp. at 2-3, ECF No. 16), rather than cite to record evidence, underscores the need for further proceedings.

[3] Contrary to Plaintiff's argument, neither Defendant's motion to remand nor the Court's remand order would violate the *Chenery* rule, which counsels that a "court is powerless to *affirm* the administrative action by substituting what it considers to be a more adequate or proper basis" because "[t]o do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (emphasis added).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

       /s/ John C. Nivison
       U.S. Magistrate Judge

Dated this 23rd day of September, 2020.